IN THE CIRCUIT COURT FOR BALTIMORE COUNTY MARYLAND

**Cimon Lovess**
5546 Channing Rd
Baltimore, MD 21229

     Plaintiffs,

v.

     Case No. 24-C-16-001970

**Equifax Information Services, LLC**
Serve: CSC-Lawyers Incorp Srvc Co.
7 Saint Paul Street, Suite 820
Baltimore, Maryland 21202

     Defendant.

## COMPLAINT AND JURY TRIAL DEMAND

COMES NOW the Plaintiff, Cimon Lovess, brings this complaint against the Defendant Equifax Information Services, Llc ("Equifax") and alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* ("FCRA").

### PARTIES

2. The Plaintiff is a natural person and a "consumer" as defined by FCRA.

3. Equifax is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f).

### FACTS

4. In the fall of 2015 Equifax began reporting a public record to Ms. Lovess' credit report. In its reporting Equifax listed the Baltimore City District Court as the source of information for the reported public record.

1

5. Equifax's reporting was inaccurate and/or incomplete because the Baltimore City District Court was not the source of the information for the reported public record.

6. According to Ms. Lovess' research the source of the information for the reported public record is LexisNexis.

7. Although LexisNexis is the source of information for the public record appearing on Ms. Lovess' credit report, Equifax does not disclose LexisNexis as a furnisher in its credit report.

8. Ms. Lovess has disputed the accuracy and completeness of Equifax's reporting of the public record.

9. Equifax has responded to Ms. Lovess' disputes by continuing to report the public record and listing the Baltimore District Court as the furnisher and not disclosing that another entity is the furnisher of information for the public record.

10. Equifax initially reported the public record as unpaid.

11. Equifax did not begin reporting the public record as paid until Ms. Lovess sent a dispute to Equifax wherein she complained that the public record had been paid.

12. Equifax has a duty and obligation to report accurate information and therefore Equifax was obligated to maintain procedures that would have reported the public record as paid without Ms. Lovess having to bring the inaccuracy to its intention.

13. Equifax has procedures to report judgments as soon as those judgments are recorded but Equifax does not maintain and/or employ procedures to update the status of those judgments once they are paid.

14. When a judgment is paid the creditor files a notice of satisfaction. Just as Equifax immediately reports when a judgment is entered, Equifax should immediately report when a judgment is satisfied.

15. Equifax's failure to report that the judgment was satisfied was the result of procedures intentionally designed to ignore positive information recorded regarding the public record.[1]

16. Equifax's policy to update the status of public recorded judgments after the consumer notifies Equifax that the status is being reported inaccurately is not a reasonable procedure to maintain *maximum accuracy* in credit reports.

17. Equifax's policy to wait until inaccurate information is disputed before taking action to report the information accurately is an intentional policy that willfully or recklessly disregard Equifax's statutory obligation to maintain procedures to report maximum accurate information to Plaintiff's credit report.

18. Equifax's policy to intentionally omit the furnisher of the public record is a violation of its duty under the FCRA to report all sources of information for a reporting. Similarly, Equifax's policy to report the court (i.e. Baltimore District Court) as the source of information for the reporting is a willful violation of its duty under the FCRA to report or disclose accurate information on Plaintiff's credit report.

19. At all times pertinent hereto, Defendant's conduct was willful, and carried out in reckless disregard for Plaintiff's consumer rights as set out in 15 U.S.C. §§1681e(b), 1681g(a)(2), 1681i(a)(6) and 1681i(a)(7).

---

[1] See Huffington Post article "It's Disturbingly Likely That Your Credit Report Is Wrong" dated August 11, 2014. ("The bureaus' real customers are lenders, like the banks, and seeing all potentially negative information about a person could give banks an excuse to charge that person a higher interest rate.")

3

## COUNT ONE: 15 U.S.C. §1681

20. Plaintiffs incorporate paragraphs 1-19 by reference.

21. Defendant Equifax violated 15 U.S.C. §1681e by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports it furnished regarding the Plaintiff.

22. Defendant violated 15 U.S.C. §1681g by failing to clearly and accurately disclose the source of the public record appearing on Plaintiff's credit report.

23. Defendant Equifax violated 15 U.S.C. §1681i by failing to:

   a. failing to conduct a reasonable investigation;

   b. failing to modify or delete the reported public record information;

   c. provide accurate information in its reinvestigation results; and

   b. provide the identity and contact information of the furnisher.

24. Pursuant to 15 U.S.C. §1681n, Defendant Equifax is liable for statutory and punitive damages, as well as attorney fees and costs, in an amount to be determined by the Court for violating 15 U.S.C. §§1681e, 1681g and 1681i.

25. Pursuant to 15 U.S.C. §1681o, Defendant Equifax is liable for actual damages, including damaged credit score, loss of credit opportunity, mental and emotional distress, and out-of-pocket costs.

WHEREFORE, Plaintiff requests $5,000 in actual damages; $45,000 in punitive damages; $1,000 in statutory damages; costs for prosecuting this action; and Plaintiff reserves her right to request legal fees in the event she retains an attorney.

**TRIAL BY JURY IS DEMANDED.**

Dated: March 31, 2016

Respectfully submitted,

**CIMON J. LOVESS**

_____
Cimon J. Lovess
5546 Channing Rd
Baltimore, MD 21229
Tel: 443-248-2609

*Pro Se Plaintiff*

5